IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-1026

Filed: 7 May 2019

Mecklenburg County, No. 17 JRI 29

IN THE MATTER OF: WILLIE REGGIE HARRIS, Petitioner

Appeal by respondent from order entered 25 April 2018 by Judge Louis A. Trosch in Mecklenburg County District Court. Heard in the Court of Appeals 9 April 2019.

> *No brief for petitioner-appellee.*

> *Mecklenburg County Department of Social Services Senior Associate Attorney Kathleen Arundell Jackson, for respondent-appellant Mecklenburg County Department of Social Services, Youth and Family Services.*

TYSON, Judge.

Mecklenburg County Department of Social Services ("Respondent") appeals from the trial court's order, which determined Respondent had failed to provide Petitioner with timely notice and prevented Petitioner's name from being included on the Responsible Individuals List. We affirm.

## I. Background

Mecklenburg County Child Protective Services completed an investigative assessment and substantiated a report alleging abuse. Petitioner was identified as

the individual responsible on 13 December 2013. Criminal charges arising from the incident were dismissed.

Nearly four years later, Respondent mailed a letter to notify Petitioner of its intent to place him on the Responsible Individuals List ("RIL") on 18 August 2017. Petitioner filed a petition for judicial review on 7 September 2017.

At the hearing on 27 February 2018, Respondent presented testimony of the purported incident, which had occurred between 10 December 2013 and 13 December 2013. A.D., the alleged victim, testified that Petitioner was a family friend, who was living with her and her mother when A.D. was thirteen years old. On the day in question, Petitioner took the trash outside and upon his return, called out to A.D. to come "warm him up." A.D. hugged him, and they went into her mother's bedroom. A.D. told Petitioner her shoulders were hurting. Petitioner gave her a massage.

While lying together on the bed, Petitioner placed his hand on A.D.'s back, under her clothes, and placed her hand on his genitals and told her to "squeeze." He then requested she get on top of him. A.D. left the bedroom, went upstairs, and dressed for school. Petitioner told her not to tell her mother.

A.D. called her mother once she returned home from school and told her what had happened. A.D.'s mother made Petitioner move out and obtained a domestic violence protective order. The incident was reported to the police and charges were taken out against Petitioner, but were ultimately dismissed.

After the close of Respondent's evidence, Petitioner's counsel argued Respondent providing notice "[t]hree-and-a-half years later . . . is substantially too late for [Petitioner] to adequately prepare a defense . . . with the preponderance of the evidence standard. It makes it very difficult for him to present a defense at this late date."

Respondent argued N.C. Gen. Stat. § 7B-320 contained no consequences for its failure to provide the statutorily required notice to an identified Responsible Individual within five days of the completion of the investigation. When questioned by the trial court to explain why it took so long for Petitioner to be noticed, Respondent acknowledged the State had "determined that Mecklenburg County did not properly handle a whole group of RIL cases, and they were all pulled at one time . . . the State of North Carolina directed Mecklenburg [County] that [it] needed to provide notice to all the individuals and schedule any hearings requested."

The trial court filed a written order concluding Petitioner's name should not be included on the RIL due to Respondent's multi-year failure to comply with the requirements of N.C. Gen. Stat. § 7B-320. Respondent appeals.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 7B-323(f) and 7A-27(b)(2) (2017).

## III. Issue

Respondent argues the trial court erred in concluding Petitioner's name should not be added to the RIL, due to Respondent's failure to comply with the statute and serve notice within five days.

## IV. Standard of Review

On appeal from a non-jury trial, this Court reviews a trial court's order to determine "whether there is competent evidence to support the trial court's findings of fact." *Sessler v. Marsh*, 144 N.C App. 623, 628, 551 S.E.2d 160, 163 (2001) (citation omitted). "Findings of fact are binding on appeal if there is competent evidence to support them." *Id.* This Court reviews a trial court's conclusions of law *de novo*. *Lagies v. Myers*, 142 N.C. App. 239, 247, 542 S.E.2d 336, 341 (2001).

## V. Analysis

This Court concluded that being listed on an RIL "deprives an individual of the liberty interests guaranteed under our State Constitution." *In re W.B.M.*, 202 N.C. App. 606, 617, 690 S.E.2d 41, 49 (2010). In order to guarantee an individual the right to due process, "an individual has a right to notice and an opportunity to be heard before being placed on the RIL." *Id.* at 621, 690 S.E.2d at 52.

Our General Statutes require that:

> (a) *Within five working days* after the completion of an investigative assessment response that results in a determination of abuse or serious neglect and the identification of a responsible individual, the director *shall personally deliver written notice* of the determination to the identified individual.

(b) If personal written notice *is not made within 15 days* of the determination and the director has made diligent efforts to locate the identified individual, the director *shall send the notice* to the individual by registered or certified mail, return receipt requested, and addressed to the individual at the individual's last known address.

N.C. Gen. Stat. § 7B-320 (2017) (emphasis supplied).

This statute sets forth the specific time limits within which the DSS director must comply to initiate inclusion of an individual's name on the list. Petitioner's notice was not provided within either of the statutory timelines nor within the statute of limitations for a misdemeanor crime. *See* N.C. Gen. Stat. § 15-1 (2017) (two-year statute of limitations). While no appellate case involving this issue has been brought previously, we review other cases under Chapter 7B involving jurisdiction.

This Court considered statutory timelines concerning a petition to terminate parental rights. *In re B.M.*, 168 N.C. App. 350, 607 S.E.2d 698 (2005). The parents argued the trial court lacked *jurisdiction,* because DSS had failed to file the petition seeking termination within the time specified by statute. *Id.* at 353, 607 S.E.2d 700. The statute mandated that DSS:

shall file a petition to terminate parental rights within 60 calendar days from the date of the permanency planning hearing *unless the court makes written findings why the petition cannot be filed within 60 days. If the court makes findings to the contrary, the court shall specify the time frame in which any needed petition to terminate parental rights shall be filed.*

*Id.* at 353, 607 S.E.2d at 701 (citing N.C. Gen. Stat. § 7B-907(e) (2004)) (emphasis supplied). DSS did not file its petition in the case of *In re B.M.* until almost eleven months after the permanency planning hearing, and the trial court made no written findings. *Id.* at 354, 607 S.E.2d at 701. This Court held:

> Mandatory provisions are jurisdictional, while directory provisions are not. Whether the time provision of N.C. Gen. Stat. § 7B-907(e) is jurisdictional in nature depends on whether the legislature intended the language of that provision to be mandatory or directory. Generally, statutory time periods are . . . considered to be directory rather than mandatory unless the legislature expresses a consequence for failure to comply within the time period. Here, none of the statutes in Chapter 7B address the consequences that would flow from the untimely filing of a petition to terminate parental rights. Significantly, N.C. Gen. Stat. § 7B-907(e) fails to provide a consequence for DSS's failure to comply with the sixty-day filing period. As a result, we conclude that the time limitation specified in N.C. Gen. Stat. § 7B-907(e) is directory rather than mandatory and thus, not jurisdictional.

*Id.* (citations omitted).

Subsequently, our Supreme Court applied this Court's holding in *In re B.M.* to a case concerning the statutory timelines for filing a petition for juvenile delinquency. *In re D.S.*, 364 N.C. 184, 187, 694 S.E.2d 758, 760 (2010). The statute at issue provided:

> The juvenile court counselor shall complete evaluation of a complaint within 15 days of receipt of the complaint, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. The juvenile court counselor shall decide within this time period whether a complaint shall be filed as a juvenile petition.

*Id.* (citing N.C. Gen. Stat. § 7B-1703(a) (2007)). In addition to holding the juvenile court counselor complied with the statute, *id.* at 188, 694 S.E.2d at 760, the Supreme Court "conclude[d] that our legislature did not intend the timing requirements of section 7B-1703 to be jurisdictional." *Id.* at 193, 694 S.E.2d at 763.

Here, the Petitioner did not argue nor did the trial court find or conclude that DSS' multi- year delay resulted in a lack of jurisdiction under the statute. This Court previously concluded that being listed on an RIL deprives an individual of a protected liberty interest. *In re W.B.M.*, 202 N.C. App. at 617, 690 S.E.2d at 49. The multi- year delay by DSS, even well beyond the statute of limitations to prosecute for a misdemeanor criminal charge, deprived Petitioner of his ability to mount a defense to preserve his protected liberty interest. *See id.* Here, the delay was nearly four years. Petitioner's arguments are overruled.

## VI. Conclusion

Petitioner correctly argued the Respondent's multi-year delay was prejudicial and made "it very difficult for him to present a defense." It is unnecessary on the facts before us to decide whether the timelines required in section 7B-320 are jurisdictional. The trial court correctly concluded Petitioner's name could not be added to the RIL, due to the prejudice to Petitioner's protected liberty interest from Respondent's long, multi-year delay and failure to timely comply with the specific

mandates placed in the statute by the General Assembly. The trial court's order is affirmed. *It is so ordered.*

AFFIRMED.

Chief Judge McGEE and Judge BERGER concur.